IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

|  |  |
|---|---|
| **Fred N. Jackson**, | ) Civil Action No. 2:12-1678-DCN-BM |
| Plaintiff, | ) |
| v. | ) **REPORT AND RECOMMENDATION** |
| **Eric K. Shinseki, in his official capacity as Secretary of the Department of Veterans Affairs,** | ) |
| Defendant. | ) |

This action was originally filed in the United States District Court, Eastern District of North Carolina, and was subsequently transferred to this United States District Court on June 18, 2012.  See Order (Court Docket No. 16).  Plaintiff, a former employee of the Defendant Department of Veterans Affairs, asserts claims for race discrimination, retaliation, and constructive discharge in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et. seq. (Count I), a state law claim for intentional infliction of emotional distress (Count II), a state law claim for negligent infliction of emotional distress (Count III), and a state law claim for wrongful termination (Count IV).  See generally, Complaint.

Pursuant to the scheduling order entered in this case, discovery was to have been completed by February 18, 2013, with any dispositive motions to have been filed by April 18, 2013. The Defendant filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on April 18,

1



2013, seeking dismissal of all of Plaintiff's claims. Specifically, Defendant asserts that Plaintiff has, inter alia, failed to produce evidence sufficient to give rise to a genuine issue of fact to establish a prima facie case of race discrimination because he has not shown that he was performing his job satisfactorily;[1] see Defendant's Exhibit 5, p. 3; see also Defendant's Exhibits 1 and 2 (evidence of job performance); that Plaintiff's retaliation claim is subject to dismissal for failure to exhaust; see Defendant's Exhibit 4 (EEO Claim) and 5 (Decision)[2]; and that Plaintiff has presented no evidence to show that he was constructively discharged by the Defendant from his position.[3] Defendant also

---

[1]Under McDonald Douglas Corp. v. Green, 411 U.S. 792 (1973), a Plaintiff alleging a disparate treatment race discrimination claim must first establish a prima facie case of discrimination; i.e., 1) that he is a member of a protected class; 2) that he was performing his job satisfactorily; 3) that he was subjected to an adverse employment action; and 4) that he was replaced by someone outside of his protected class, or there is some other evidence giving rise to an inference of unlawful discrimination. McDonald Douglas Corp., 411 U.S. at 803; White v. BFI Waste Services, LLC, 375 F.3d 288, 295 (4th Cir. 2004).

[2]Plaintiff's administrative filing with the EEO did not assert a claim for retaliation, nor did the investigation of Plaintiff's charge include an investigation of a retaliation claim. Defendant's Exhibits 4 and 5; see King v. Seaboard Coastline R.R. Co., 538 F.2d 581, 583 (4th Cir. 1976)[Claim set forth in EEO charge generally fixed the scope of the charging party's subsequent right to pursue claims in a civil suit]; Jones v. Calvert Group, Ltd., 551 F.3d 297, 300 (4th Cir. 2009)[Failure to raise claim in administrative charge deprives court of subject matter jurisdiction over claim].

[3]In order to establish a claim for constructive discharge, Plaintiff must have evidence to show that he was subjected to employment practices which were both discriminatory and which made his working conditions intolerable, thus forcing him to quit. Garrett v. Hewlett Packard Co., 305 F.3d 1210, 1221 (10th Cir. 2002) ["Constructive discharge occurs 'when the employer by its illegal discriminatory acts has made working conditions so difficult that a reasonable person in the employee's position would feel compelled to resign'....The bar is quite high in such cases: a plaintiff must show he had no other choice but to quit."]; Tucovic v. Wal-Mart Stores East, LP, Nos. 09-148 and 10-386, 2013 WL 1287186 at * 7 (N.D.Ind. Mar. 28, 2013)[Finding that standard is higher for showing constructive discharge than hostile environment]; Amaker v. Winn-Dixie, Greenville, Inc., No. 95-1254, 1995 WL 706873, at **1 (4th Cir. December 1, 1995); EEOC v. Federal Reserve Bank of Richmond, 698 F.2d 633, 672 (4th Cir.), rev'd in part on unrelated grounds, 467 U.S. 867 (1984)(emphasis added); see Vitug v. Multistate Tax Comm'n, 88 F.3d 506, 517-518 (7th Cir. 1996); EEOC v. Clay Printing Co., 955 F.2d 936, 946 (4th Cir. 1992); Diamond v. T. Rowe Price Associates, Inc., 852 F.Supp. 372, 397 n. 123 (D.Md. 1994); Bickford v. Denmark Technical College,
(continued...)



argues (although conceding no definitive Fourth Circuit authority on this issue) that Title VII is the exclusive, preemptive administrative and judicial scheme for the redress of federal employment discrimination, and that as Plaintiff's common law state causes of action arise out of the Defendant's alleged discriminatory conduct, they are preempted by Title VII.  Cf. Brown v. General Services Administration, 425 U.S. 820, 829 (1976)[Title VII is the "exclusive, pre-emptive administrative and judicial scheme for the redress of federal employment discrimination"]; Pfau v. Reed, 125 F.3d 927, 932-933 (5th Cir. 1997)["When the same set of facts support a Title VII claim and a non-Title VII claim against a federal employer, Title VII preempts the non-Title VII claim"], vacated and remanded on other grounds, 525 U.S. 801 (1998), pertinent holding reinstated, 167 F.3d 228, 229 (5th Cir. 1999); Mathirampuzha v. Potter, 371 F.Supp.2d. 159, 162, n. 1 (D.Ct. 2005)(collecting cases).[4]

On May 3, 2013, Plaintiff filed a motion for an extension of time to respond to the motion for summary judgment, and in an Order filed May 6, 2013, Plaintiff was granted an extension to May 20, 2013 to file a response to the motion for summary judgment.  Almost two months have now passed since the expiration of that deadline, and Plaintiff has failed to file any memorandum or

---

[3](...continued)
479 F.Supp.2d 551, 559 (D.S.C. 2007); Drake v. Minnesota Mining & Mfg. Co., 134 F.3d 878, 886 (7th Cir. 1998); Elemore v. Aaron Rents, Inc., No. 07-1328, 2008 WL 4449683 at * 4 (D.S.C. Sept. 30, 2008).  To succeed on this claim, Plaintiff must present evidence to show both deliberateness and intolerability.  Bristow v. Daily Press, Inc., 770 F.2d 1251, 1255 (4th Cir. 1985).

[4]Defendant additionally argues that the state law claims asserted by the Plaintiff herein are not the "highly personal nature" type of claim discussed as an exception to preemption in Charlot v. Donley, No. 11-579, 2012 WL 3264568, (D.S.C. Aug. 9, 2012).  Cf. Puesche v. United States, 369 F.3d 345 (4th Cir. 2004)[Holding that Plaintiff's *federal* tort claims for intentional and negligent infliction of emotional distress were preempted by his Title VII discrimination claim, because the emotional distress was a direct result of the discrimination)

3



present any evidence or arguments to the Court in opposition to the Defendant's evidence and arguments for summary judgment in this case. Hooven-Lewis v. Caldera, 249 F.3d 259, 265 (4th Cir. 2001)["Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists"]; Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)[Summary judgment should be entered against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial"].

Therefore, based on the arguments and evidence presented by the Defendant, and in light of Plaintiff's failure to respond to the Defendant's motion or present any evidence or arguments to the Court for why summary judgment should be denied, the undersigned concludes that the Defendant is entitled to summary judgment in this case. See Smith v. City of North Charleston, 401 F.Supp.2d 530, 532-533 (D.S.C. 2005)["[T]he the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial"], quoting Celotex Corp., 477 U.S. at 322; see also Burns v. Air Liquide America, LP, 515 F.Supp. 2d 748, 759, n. 9 (S.D.Tex. 2007)[Undefended claims regarded as abandoned]; Eady v. Veolia Transp. Services, Inc., 609 F.Supp.2d 540, 560-561 (D.S.C. 2009)["The failure of a party to address an issue raised in summary judgment may be considered a waiver or abandonment of the relevant cause of action."]; accord, Ferdinand-Davenport v. Children's Guild, 742 F.Supp.2d 772, 777 (D.Md. 2010); Jones v. Family Health Ctr., Inc., 323 F.Supp.2d 681, 690 (D.S.C. 2003)[Finding that plaintiff waived claims not addressed in an opposition memorandum, even though counsel advised the court that she had not



4

intended to abandon those claims]; <u>Mentch v. Eastern Savings Bank, FSB,</u> 949 F.Supp. 1236, 1247 (D.Md. 1997).

## <u>Conclusion</u>

Based on the foregoing, it is recommended that the Defendant's motion for summary judgment be **granted**, and that this case be dismissed.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

July 10, 2013
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

